### In re POSTAL TELEGRAPH–CABLE CO.   (No. 141–6.)

(Supreme Court, Appellate Division, Third Department.   September 15, 1915.)

1. TELEGRAPHS AND TELEPHONES ☞33—RES JUDICATA—REGULATION OF TELEGRAPH RATES.

   Where the Public Service Commission restrained a telegraph company from continuing certain charges on intrastate messages received from another telegraph company to be forwarded, which order was affirmed by the courts, it was not res judicata as to interstate messages.

   [Ed. Note.—For other cases, see Telegraphs and Telephones, Cent. Dig. § 21; Dec. Dig. ☞33.]

2. JUDGMENT ☞248—CONFORMITY TO ISSUES.

   A judgment must conform to the allegations and proofs of the parties, and the court may not make new issues on the trial, or found judgments on grounds not in issue and litigated.

   [Ed. Note.—For other cases, see Judgment, Cent. Dig. § 434; Dec. Dig. ☞248.]

Appeal from Special Term, Albany County.

Application by the Postal Telegraph-Cable Company for judgment against the Western Union Telegraph Company, to enforce an order

of the Appellate Division affirming an order of the Public Service Commission. From an order denying relief, it appeals. Affirmed.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

William W. Cook, of New York City (D. Cady Herrick, of Albany, and Ralph H. Overbaugh, of New York City, of counsel), for appellant.

Rush Taggart, of New York City, for respondent.

WOODWARD, J. The order of the Special Term, from which this appeal is taken, was made on the 27th day of February, 1915, and it denies the motion of the Postal Telegraph-Cable Company for judgment against the Western Union Telegraph Company, claimed to be due under the provisions of an order of May 17, 1913, which order amended a previous order, bearing date of May 10, 1913, by the terms of which the Postal Telegraph-Cable Company was stayed from enforcing the provisions of an order of the Public Service Commission pending a decision of this court on a writ of certiorari. The staying order, as modified by the order of May 17, 1913, provided that the Western Union Telegraph Company, in receiving messages from the Postal Telegraph-Cable Company for final delivery within this state, should give a certificate to the latter company which should provide for keeping an account and the refunding of any sums which should be paid to the Western Union Telegraph Company in excess of the amount allowed by the order of the Public Service Commission, in the event that the said order should be sustained upon the hearing of the writ of certiorari. This order further provided that the parties might, in lieu of such certificate, enter into a stipulation between themselves which should provide a more convenient method of adjustment; and under this provision the parties entered into a stipulation for this purpose. The order of the Public Service Commission was affirmed by this court, and by the Court of Appeals (160 App. Div. 144, 145 N. Y. Supp. 545; 211 N. Y. 542, 105 N. E. 1095), and thereupon the Western Union Telegraph Company paid to the Postal Telegraph-Cable Company the excess charges which it had received upon messages originating within the state of New York and finally delivered to the person addressed within the state of New York. Subsequently the Postal Telegraph-Cable Company rendered additional accounts, in which it sought to charge the Western Union Telegraph Company for the excess charges made upon messages originating outside of the state of New York in the offices of the Postal Telegraph-Cable Company and finally delivered by the Western Union Telegraph Company within the state of New York, where the Postal Company had no offices. The Western Union Company declined to pay these amounts, on the ground that it constituted interstate commerce, and was not within the jurisdiction of the Public Service Commission of the state of New York, and therefore not within the terms of the original orders.

[1] On the 19th day of May, 1914, the Postal Company applied to the Public Service Commission for an order which would, in effect, declare that the messages originating outside of the state in the

offices of the Postal Company, and delivered to the Western Union Company within the state of New York for the final transmission, were within the terms of the original orders. This application was opposed by the Western Union on the ground above stated, and the Postal Company, without waiting for a determination of the question by the Public Service Commission, made an application at Special Term for judgment for the amount of the tolls collected upon the interstate messages. This motion was denied at Special Term, and the Postal Company appeals to this court from the order denying the motion.

Obviously this is an effort at a short cut to a definite result, and the practice is challenged at the outset; it being urged that the Western Union Company is entitled to a trial of the question of its liability. Originally the Postal Company seems to have been of the opinion that it was necessary to have an order of the Public Service Commission as the foundation for such a judgment as is here demanded, for it applied for an order of this character; but it now contends that there is authority for its proceeding directly upon the original orders, on the ground that the language of such orders was broad enough to cover all messages transmitted by the Western Union Company to final destination within the state of New York. It is not suggested that any of the messages originating outside of the state of New York were involved in the original proceeding. Indeed, it is conceded that they were not; but, because the general language of the order is broad enough to cover such messages, it is urged that the moving company is entitled to judgment, because the determination of this court and of the Court of Appeals sustained the order of the Public Service Commission, and that such order is controlling.

It would seem to be a sufficient answer to this proposition that this court did not undertake to pass upon the merits of the order under review, for the reason that we regarded it as an effort on the part of the Western Union Company to get a review of a previous order which it had permitted to become final, without seeking to review the same. This was not only distinctly pointed out in the prevailing opinion, but in the dissenting opinion of Presiding Justice Smith, concurred in by Mr. Justice Lyon, it was recognized as the controlling view, and this was dissented from. The Court of Appeals affirmed without opinion, and it would be doing violence to every presumption to suppose that, with a diversity of opinion in this court, the court of last resort affirmed upon any other theory than that presented by the determination made here. It certainly cannot be presumed that it went into a consideration of the proper construction of the order of the Public Service Commission on the question of its relation to the messages originating outside of this state and finally delivered here. All that was involved in the consideration of the writ of certiorari was whether the order of the Public Service Commission, as it related to the messages involved in the original orders, should be enforced; and we held that it should be, not from any determination upon the merits of the particular order, but because the Western Union Company had permitted a previous order, of practically identical import, to become final, and was seeking to accomplish by indi-

rection that which would not be permitted directly. People ex rel. W. U. Tel. Co. v. Public Service Com., 160 App. Div. 144, 147, 145 N. Y. Supp. 545 and authorities there cited.

There can be no presumption that the Court of Appeals, in affirming without opinion, went into the merits of the order, as presented by the record, and then went a step further, and held that an order predicated upon strictly intrastate messages should be construed to cover messages which had their origin in interstate commerce, for there can be no question that a message received by the Postal Company in Philadelphia for transmission to a person within the state of New York is interstate commerce in its inception, and it is difficult to conceive of its character being changed by anything occurring along the line of its direct transmission. There is nothing to show that the Public Service Commission ever had before it, in the proceedings before this court, any question of interstate messages, so that the case, as presented here, is that of the Postal Telegraph-Cable Company asking this court to enforce an order which has never had any existence, and which could not, therefore, have been reviewed.

[2] The rule that judgments should be rendered in conformity with the allegations and proofs of the parties, secundum allegata et probata, is fundamental in the administration of justice. Parties go to court to try the issues made by the pleadings, and courts have no right impromptu to make new issues for them, on the trial, to their surprise or prejudice, or found judgments on grounds not put in issue and distinctly and fairly litigated. Wright v. Delafield, 25 N. Y. 266, 268–270. No one pretends that the Public Service Commission of the state of New York had before it any question of interstate commerce messages, and its order could not, under well-established rules, have gone beyond the matters which were distinctly and fairly litigated. As the order could not properly have dealt with the question here presented, the action of this court and of the Court of Appeals in affirming the original order could not have added to its scope. The adjudication was merely that the order of the Public Service Commission should be enforced, and that order, as we have seen, had no other foundation than that of the pleadings, and these did not assume to deal with a single message of the character involved in this appeal. The writ of certiorari merely brought up the record as made, and it is idle to suggest that this court, or the Court of Appeals, could have been committed to anything further than an approval of the order as it related to the record then before the court.

If we are right in this position, and there has never been any litigation of the question involved in interstate messages, it must follow that there can be no ground for granting the relief which the Postal Telegraph-Cable Company demands by means of an order in the original proceeding. Such an order is justified only in a case in which all of the merits have been dealt with comprehensively, and the orders are merely of a supplemental character. Whether the Postal Telegraph-Cable Company should go forward with its application to the Public Service Commission, or should bring an action to recover the alleged overcharges, it is not the province of this court to advise.

Neither is it the duty of this court, in advance of a record requiring it, to determine the interesting question of jurisdiction over the class of messages involved in this appeal. We go no further than to hold that the order appealed from is proper, and that the Postal Telegraph-Cable Company, upon the records which have been on review before this court, is not entitled to the relief demanded.

The order appealed from should be affirmed, with costs. All concur.